J-S24005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER DONELLA | : | |
| | : | |
| Appellant | : | No. 1330 MDA 2017 |

Appeal from the Judgment of Sentence August 10, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001929-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.: **FILED JUNE 25, 2018**

Appellant, Walter Donella, appeals from the judgment of sentence entered on August 10, 2017. We affirm.

The factual background and procedural history of this case are as follows. In the early morning hours of May 3, 2016, Police Officer David Stamets stopped Appellant's vehicle after he noticed the vehicle had incorrect registration tags. When he approached the vehicle, Officer Stamets noticed Appellant's dilated eyes, running nose, dry mouth, and tense face. He also saw fresh puncture marks on Appellant's arms. Officer Stamets asked Appellant to complete field sobriety tests. Appellant failed those tests and was arrested for suspicion of driving under the influence ("DUI"). After being informed of his right to remain silent, Appellant admitted to using heroin in the hours prior to his arrest and using oxycodone and Xanax the previous day.

On April 3, 2017, the Commonwealth charged Appellant via criminal information with two counts of DUI – controlled substance[1] and driving an unregistered vehicle.[2]  On June 12, 2017, Appellant was convicted of one count of DUI – controlled substance and driving an unregistered vehicle.  On August 10, 2017, the trial court sentenced him to an aggregate term of ten days to six months' imprisonment.  This timely appeal followed.[3]

Appellant presents one issue for our review:

Did the [C]ommonwealth present sufficient evidence to support the charge of [DUI – controlled substance]?

Appellant's Brief at 4.

Appellant's sufficiency challenge is waived.  In the argument portion of his brief, Appellant argues only that the trial court should have suppressed the evidence gathered during the traffic stop.  He makes no argument as to how the evidence was insufficient to convict him of DUI – controlled substance. Hence, his sufficiency argument is waived.  *See* Pa.R.A.P. 2101 and 2119(a).

_____

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii) and (d)(2).

[2] 75 Pa.C.S.A. § 1301(a).

[3] Appellant failed to comply with the trial court's order to file a concise statement of errors complained of on appeal ("concise statement").  *See* Pa.R.A.P. 1925(b).  The docket, however, does not indicate that notice of the order was sent to Appellant's counsel.  As we cannot assume that the order was properly served on Appellant's counsel, we decline to find waiver on this ground.  *See In re L.M.*, 923 A.2d 505, 510 (Pa. Super. 2007).

Appellant never filed a motion to suppress. Hence, Appellant waived any challenge to the admissibility of the evidence gathered during the traffic stop. *See* Pa.R.A.P. 302(a). Appellant also waived his challenge to the admissibility of the evidence presented at trial by failing to include it in the statement of questions presented section of his brief. *See* Pa.R.A.P. 2101 and 2116(a).[4] As Appellant waived his only issue, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2018

---

[4] We are deeply troubled at the performance of Kent D. Watkins, Esq. in this case. The deficiencies evident on the face of Appellant's brief are unacceptable for a public defender. Attorney Watkins must furnish a copy of this judgment order to the Schuylkill County Commissioners and the Disciplinary Board of the Supreme Court of Pennsylvania forthwith.